# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY KNOX,<br>    Plaintiff | )<br>)<br>) | C.A. No. 15-78 Erie |
| v | )<br>) | **District Judge Rothstein**<br>**Magistrate Judge Baxter** |
| JOHN E. WETZEL, et al.,<br>    Defendants | )<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendants Wetzel, Harlow, and Overton [ECF No. 19] be granted.

### II.    REPORT

#### A.    Relevant Procedural History

On March 12, 2005, Plaintiff Randy Knox, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion")[1], initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Named as Defendants are: John Wetzel, Secretary of the Pennsylvania Department of Corrections ("Wetzel"); Michael Harlow, Superintendent at SCI-Albion ("Harlow"); Dr. Mark Baker, Medical Director at SCI-Albion

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Dallas, Pennsylvania.

1

("Baker"); and Maxine Overton, Health Care Administrator at SCI-Albion ("Overton").[2] Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs by failing to treat his "stomach hernia" for a period of four years. (ECF No. 11, Complaint, at Section IV.1). As relief for his claims, Plaintiff seeks monetary damages.

On August 3, 2015, Defendants Wetzel, Harlow, and Overton filed a motion to dismiss [ECF No. 19], arguing that Plaintiff has failed to adequately allege the personal involvement of Defendants Wetzel and Harlow in the complained-of misconduct, and Defendant Overton cannot be held liable as a non-medical defendant. Plaintiff has since filed an "Affidavit of Truth," with supporting documentation, in response to Defendants' motion. [ECF No. 22]. This matter is now ripe for consideration.

### B.  Standards of Review

#### 1.  Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly

---

[2] Although the docket indicates that Defendant Baker was served with the complaint on June 2, 2015 [ECF No. 18], he has not filed a response to the complaint, nor has an attorney entered an appearance on his behalf. As a result, Plaintiff's claims against Defendant Baker will not be addressed here.

analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

4

inferences where it is appropriate.

### C. Discussion

#### 1. Defendants Wetzel and Harlow

Defendants argue that Plaintiff has failed to establish the personal involvement of Defendants Wetzel and Harlow in the alleged Eighth Amendment violation and, thus, Plaintiff's claims against them should be dismissed.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff has failed to specify any allegations against Defendants Wetzel and Harlow, whatsoever. Based upon a review of the documents attached to the complaint, it appears that their only involvement arose from their receipt of Plaintiff's written requests and grievances regarding the alleged lack of medical treatment. This is not sufficient to establish their personal

5

involvement in the underlying medical misconduct alleged by Plaintiff. As a result, Plaintiff's claims against Defendants Wetzel and Harlow should be dismissed.

### 2. **Defendant Overton**

Defendant Overton asserts that Plaintiff's claims against her should be dismissed because she is a non-medical Defendant[3] and Plaintiff was under the supervision of medical personnel at the time of the alleged deprivation of medical care. The Court agrees.

The Third Circuit has held that prison officials who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993). In Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004), the Third Circuit expanded upon its reasoning in Durmer, as follows:

> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

Here, Plaintiff has attached a number of request slips indicating that he was, in fact being treated by Defendant Baker for various ailments, including his hernia condition, even though Plaintiff obviously disagreed with the medical treatment he was receiving. Since the only allegations against Defendant Overton in this case relate to the alleged refusal to treat Plaintiff's

---

[3] As Health Care Administrator, Defendant Overton is considered a non-medical prison official in the context of a Section 1983 denial of medical care claim. See Spencer v. Beard, 2010 WL 608276, *4 n. 5 (W.D.Pa. Feb. 17, 2010), citing Hull v. Dotter, 1997 WL 327551, *4 (E.D.Pa. June 12, 1997); Freed v. Horn, 1995 WL 710529, *3-4 (E.D.Pa. Dec. 1, 1995).

hernia condition by Defendant Baker, a medical professional, Defendant Overton cannot be held liable for deliberate indifference. As a result, Plaintiff's claims against Defendant Overton should be dismissed.

### III.　CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendants Wetzel, Harlow, and Overton [ECF No. 19] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 11, 2016

cc:　The Honorable Barbara Rothstein
　　　United States District Judge