UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

RANDY KNOX,

    *Plaintiff*,

v.

JOHN E. WETZEL, et al.,

    *Defendants*.

CA. NO.   15-78 Erie

ORDER ADOPTING REPORT
AND RECOMMENDATION
AND DISMISSING DEFENDANTS
WETZEL, HARLOW, AND OVERTON

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed Defendants' motion to dismiss Defendants Wetzel, Harlow, and Overton from this lawsuit, the Report and Recommendation of the Honorable Susan P. Baxter, United States Magistrate Judge, and the balance of the record, does hereby find that:

(1)      The Court adopts the Report and Recommendation;

(2)      Plaintiff alleges that Defendants were deliberately indifferent to his serious medical condition—"a stomach hernia"—by failing to treat it for four years. Defendants Wetzel (the Secretary of Corrections) and Harlow (the Warden of S.C.I. Albion) were named solely for their supervisory positions. Indeed, the complaint raises no allegations against Defendants Wetzel and Harlow,

1

whatsoever. When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). The Court finds that the Magistrate Judge correctly concluded in the Report and Recommendation that Plaintiff failed to establish that either Wetzel or Harlow was personally involved in the alleged denial of adequate medical care. Indeed, in his Objections to the Report and Recommendation, Plaintiff concedes that Wetzel was not involved in his medical care. Therefore, these two Defendants must be dismissed from the instant action;

(3) The Court also finds that the Magistrate Judge correctly concluded in the Report and Recommendation that Defendant Overton must be dismissed. Plaintiff alleges that he complained to Defendant Overton about his terrible stomach pain and Defendant Baker's refusal to treat it. Defendant Overton asserts that Plaintiff's claims against her should be dismissed because she is a non-medical Defendant and Plaintiff was under the supervision of medical personnel (*i.e.* Defendant Baker) at the time of the alleged deprivation of medical care. In this Circuit, prison officials who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993). Since the only allegations against Defendant Overton in this case relate to the alleged refusal to treat Plaintiff's hernia condition by Defendant Baker, a medical professional, Defendant Overton cannot be held liable for deliberate indifference. As a result,

Plaintiff's claims against Defendant Overton must be dismissed;

(4) This Court has reviewed Plaintiff's Objections to the Report and Recommendation and nothing in the Objections persuades this Court that the Report and Recommendation should not be adopted. Plaintiff simply raises again the notion that these Defendants were involved in the denial of his medical care because his requests for such care were addressed to them. However, this is not sufficient to demonstrate that these individuals were affirmatively involved in the alleged misconduct. Likewise, the cases cited by Plaintiff do not help his cause. Each of the cases he cites states that an official may be liable if it is established that s/he was personally involved in the misconduct, something Plaintiff has failed to allege;

(5) Defendants' motion to dismiss is GRANTED;

(6) Defendants Wetzel, Harlow, and Overton are HEREBY DISMISSED from this lawsuit; and

(7) The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Baxter.

**IT IS SO ORDERED.**

DATED this 15th day of March, 2016.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE