IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY KNOX, | ) | |
|     Plaintiff | ) | C.A. No. 15-78 Erie |
| | ) | |
| v | ) | **District Judge Rothstein** |
| | ) | **Magistrate Judge Baxter** |
| JOHN E. WETZEL, et al., | ) | |
|     Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant Baker [ECF No. 65] be granted, and that this case be closed.

### II.    REPORT

#### A.    Relevant Procedural History

On March 12, 2005, Plaintiff Randy Knox, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Forest")[1], initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, against the following Defendants: John Wetzel, Secretary of the Pennsylvania Department of Corrections ("Wetzel"); Michael Harlow, Superintendent at SCI-Albion ("Harlow"); Dr. Mark Baker, Medical Director at SCI-Albion ("Baker"); and Maxine Overton, Health Care Administrator at SCI-Albion ("Overton"). Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs by

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Dallas, Pennsylvania.

2

failing to treat his "stomach hernia" for a period of four years. (ECF No. 11, Complaint, at Section IV.1). As relief for his claims, Plaintiff seeks monetary damages.

On August 3, 2015, Defendants Wetzel, Harlow, and Overton filed a motion to dismiss [ECF No. 19], which was ultimately granted by Order of District Judge Barbara Rothstein, who adopted this Court's Report and Recommendation dated February 11, 2016 [ECF No. 23], and dismissed Plaintiff's claims against Defendants Wetzel, Harlow, and Overton [ECF No. 25]. Said Defendants were, thus, terminated from this case, leaving Defendant Baker as the sole remaining Defendant.

Defendant Baker has now filed his own motion to dismiss [ECF No. 65], arguing that Plaintiff's claims against him are barred by the applicable statute of limitations. Despite being granted ample time to file a response to Defendant Baker's motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B.     Standards of Review

#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly

analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

3

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

4

inferences where it is appropriate.

### C. Discussion

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original complaint was filed as an attachment to a motion to proceed *in forma pauperis* on March 9, 2015; however, the complaint was apparently signed by Plaintiff on February 27, 2015. (See ECF No. 11, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat February 27, 2015, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998) (in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to February 27, 2013,

is barred by the statute of limitations.

In his complaint, Plaintiff alleges that after arriving at SCI-Albion on July 21, 2009, it was discovered that he had a hiatal hernia, for which he allegedly failed to receive treatment. In particular, Plaintiff alleges that Defendant Baker continually refused him medical treatment until Defendant Baker was "fired" in "2012." (ECF No. 11, at Section IV.C.1). Attached as exhibits to the complaint are a number of inmate requests and grievance forms that were submitted by Plaintiff during the period from April 2, 2010 through October 11, 2012, regarding Defendant Baker's alleged failure to treat Plaintiff's hernia condition.

It is plain from the allegations of Plaintiff's complaint that the latest date on which Defendant Baker allegedly refused Plaintiff treatment was December 31, 2012, at or prior to which time Defendant Baker was terminated from his position as medical director at SCI-Albion. Thus, the two year statute of limitations for filing a complaint against Defendant Baker expired on or before December 31, 2014, two months prior to the filing of this case. As a result, Plaintiff's claims against Defendant Baker are barred by the applicable statute of limitations and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant Baker [ECF No. 65] be granted, and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file

objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: August 23, 2017

cc: The Honorable Barbara Rothstein
 United States District Judge